### RILEY v CITY RAILWAY CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1244.   Decided Jan 27, 1934

Scharrer, Scharrer, McCarthy & Hanaghan, Dayton, for plaintiff in error.

McMahon, Corwin, Landis & Markham, Dayton, for defendant in error.

## OPINION

By KUNKLE, J.

The evidence can be brought before this court for review only through a bill of exceptions and no such bill of exceptions has been filed. We are required therefore to interpret these interrogatories in the light of the issues as raised by the pleadings. It will be unnecessary to state in detail the issues so raised as counsel are thoroughly familiar with the same.

Interrogatory No. 1 was as follows:
"Could the plaintiff in the exercise of ordinary care for his own safety have seen or heard the street car as it rounded the curve in time to step to a place of safety and thus have avoided the accident.
A. Yes."

Interrogatory No. 4 is as follows:
"Was there anything which prevented the plaintiff in the exercise of ordinary care for his own safety from taking a position in the safety zone clear of the rear overhang of the car as it rounded the curve so as to have avoided the accident. A. No."
"While there was nothing to prevent the plaintiff from going farther into the safety zone, the undersigned have agreed that he exercised ordinary care by stepping into the safety zone, not knowing the car would turn."

Interrogatory No. 9 is as follows:
"Did the defendant company negligently operate its street car on an unscheduled turn over the curved portion of the tracks from Fifth Street onto Jefferson Street? Answer 'Yes' or 'No.'
A. Yes."

Interrogatory No. 10 is as follows:
"If your answer to Interrogatory No. Nine is 'Yes', was the negligence of the defendant company the proximate cause of plaintiff's injury? Answer 'Yes' or 'No.'
A. Yes."

These four interrogatories were each signed by nine members of the jury.

Where a court finds that the special findings of fact are inconsistent with the general verdict the court would prefer granting a new trial and having the case re-presented rather than dispose of the same upon such special findings of fact. By virtue of the provisions of §11464 GC and the decisions of our Supreme Court however it becomes the duty of the trial court to render final judgment where such findings of fact are inconsistent with the general verdict. Counsel for defendant have appended to their brief a decision of this court in the case of James H. Server v Peoples R. R. Company being case No. 1047, in the Court of Appeals of Montgomery County. In this case we discussed the general subject in some detail.

The first special interrogatory in that case was quite similar to Interrogatory No. 1 in the case at bar. Counsel for defendant have also filed with us the written opinion of Judge White who heard the case in the Common Pleas Court. Judge White has revised the findings of the jury in detail and, as above stated, rendered judgment in favor of the defendant on the ground that the answer to special interrogatory No. 1 was inconsistent and irreconcilable with the general verdict. Our review of the pleadings and of the special findings of fact returned by the jury lead us to the same concluson that was reached by Judge White.

If there were facts and circumstances in the record which would have excused the plaintiff from exercising the care which the answer to interrogatory No. 1 indicates he failed to observe those facts in the absence of a bill of exceptions are not before us.

· Finding no error in the record which is presented to us for review which we think prejudicial to plaintiff, the judgment of the lower court must be affirmed.

HORNBECK, PJ, and BARNES, J, concur.