RICKMAN, Plaintiff-Appellee, v. OHIO YELLOW CAB COMPANY, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2193.   Decided November 20, 1952.

Mason Douglass, Dayton, for plaintiff-appellee.
Landis, Ferguson, Bieser & Greer, Dayton, for defendant-appellant.

**OPINION**

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury in favor of the plaintiff.  The action was tried before a jury and involved a collision between the plaintiff pedestrian and the defendant taxi cab at a point on Riverview Avenue at the intersection of Central Avenue.  Riverview Avenue extends approximately east and west and Central Avenue north and south   Central

Avenue intersects Riverview Avenue but does not cross Riverview Avenue, with side walks on both the east and west sides of Central Avenue. There is no marked cross walk from the side-walks of Central Avenue to the curbs of Riverview Avenue. There was a street light overhanging the northeast corner of the intersection of the sidewalks of Riverview and Central Avenues.

Plaintiff was crossing Riverview Avenue on the west cross walk from the curb of the south side of Riverview Avenue to the north side, when he was struck by defendant's taxi cab.

The evidence indicates that plaintiff, Rickman, looked both ways before he started across the unmarked cross walk and had proceeded across the center of Riverview Avenue almost to the north curb of Riverview Avenue when he was struck. Defendant's taxi driver testified when he was proceeding across the intersection of the cross walk in which Rickman was proceeding he was driving in the second lane of a three traffic lane westwardly on Riverview Avenue; that he could see with his headlights twenty to thirty feet, maybe more. The plaintiff was evidently struck by the right side of the taxi cab and thrown over against the north curb of Riverview Avenue with his head up against the curb and his feet almost parallel with the curb, and injured.

The jury rendered a general verdict for the plaintiff and against the defendant in the sum of $3800.00, plaintiff having received a fractured skull together with other injuries.

The court charged the jury on §6307-2 GC, intersection and cross walk, and charged the jury that Riverview and Central Avenues is an intersection and across Riverview to Central are cross walks, whether or not they are indicated by lines or by markings. The court further charged the jury, whether or not plaintiff, at the time of the injury was or was not in the cross walk was a question of fact for the jury to determine from all the evidence in the case.

The following interrogatories were submitted to the jury by counsel for defendant:

Interrogatory No. 1:

"Was the plaintiff, Charles Rickman, crossing Riverview Avenue other than at a cross walk?"

The jury answered this interrogatory "no." In other words, the jury found when Charles Rickman was struck he was within the cross walk.

The second interrogatory was as follows:

"Could the plaintiff, Charles Rickman, in the exercise of ordinary care for his own safety have seen the defendant's taxi cab approaching in time in the exercise of ordinary care to have avoided being struck by it?"

The jury answered this interrogatory "yes."

The record reveals a number of interrogatories were submitted to the jury, but only numbers one and two quoted, supra, are pertinent to this appeal. A motion for a judgment notwithstanding the verdict was filed by the defendant, relying upon the answer to the second interrogatory, which was claimed to be inconsistent with the general verdict. This motion was overruled and to which the first assignment of error is directed. **Sec. 11420-18 GC** clearly provides that when a special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly.

The appellant cites the case of **Riley v. City Railway Company, 16 Abs 292,** urging that a like motion was sustained in response to a similar interrogatory. Judge Mills in a well considered opinion distinguishes this case from the Riley case as well as several others cited by the appellant, pointing out that in the cited case the interrogatories set out the specific thing the plaintiff could have done to avoid the accident, but in this case there was nothing specific contained in the interrogatory defining what this plaintiff could have done or failed to do to prevent his injuries.

The trial court's reasoning is so well set forth in his opinion and so exhaustive that it would serve no useful purpose for us to supplement the same by restating the reasons assigned by Judge Mills.

It is next urged that the court erred in overruling the defendant's motion for instructed verdicts at the close of plaintiff's case and again at the close of all of the testimony. There was clearly sufficient evidence to establish the defendant's negligence, and whether the plaintiff was guilty of contributory negligence which was the proximate cause of his own injuries, was a question for consideration by the jury. See **Glasco v. Mendelman, 143 Oh St 649.**

We find no error in the record and the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.